## THE STATE OF IOWA *v.* CURE.

An indictment under section 2721 of the Code, which charges that the defendant did wilfully and unlawfully, on the first day of July, 1857, keep a house, which was resorted to by B. A. M. and G. H., and divers other persons, to the jurors unknown, for the purpose of gambling, sufficiently charges an intent upon the defendant, or that he kept the house for the illegal purpose.

So, an indictment under the same section, which alleges that the defendant did wilfully and unlawfully suffer and permit B. A. M. and G. H., and divers other persons to the jurors unknown, to play at cards for money, in a room in a house, situate, &c., the said room in said house being under his, the said defendant's control, avers sufficiently a knowledge that others played for money.

An objection to an indictment not raised in the court below, and passed upon there, will not be examined by the supreme court, unless by consent.

*Appeal from the Henry District Court.*

MONDAY, APRIL 4.

The defendant was convicted under an indictment founded on section 2721 of the Code, which provides that "if any person keep a house, shop, or place, resorted to for the purpose of gambling; or permit, or suffer any person in any house, shop, or other place under his control or care, to play at cards, dice, faro, roulette, equality, or other game, for money or other thing," he shall be punished by fine, &c.

The indictment consisted of two counts, the first of which charged, that the defendant did, wilfully and unlawfully, on the first of July, 1857, keep a house which was resorted to by B. A. M., and G. H., and divers other persons to the jurors unknown, for the purpose of gambling. The second count charged that he did wilfully and unlawfully, suffer and permit B. A. M. and G. H., and divers other persons to the jurors unknown, to play at cards for money, in a room in a house, situate, &c., the said room in said house, being under his, the said Cure's control.

The defendant demurred for the following causes: 1. The indictment no where charges a public offense; 2. The keeping a house to which particular persons resort for an illegal purpose, implies no guilt in the person keeping the same; 3. It charges no intent in defendant, and fails to aver that the house was kept for the purpose of gambling; 4. It does not charge the purpose for which the house was kept; 5. It charges an intent to gamble, but fails to show the purpose for which Cure kept the house; and does not aver that the playing was "a game" for money or other thing of value; 6. The second count does not aver the keeping, with intent on the part of the keeper, that it should be for the alleged purpose, or that it was a house, shop, or place, as provided by law, or that any game was played there. It imputes resorting to the house to gamble

and play cards, to others, but does not connect the defendant with such gambling—no *scienter* is laid. The demurrer was overruled.

*Clarke & Doolittle*, for the appellant.

*C. Ben Darwin*, (for the Atty. Gen.), for the State.

Woodward, J.—Substantially, the only objection to the first count is, that it does not charge an intent upon the defendant, or that he kept the house for this illegal purpose. It is true, that the intent, or rather a knowledge, would have to be shown ; and under some other forms of statute, would have to be averred ; but we think this statute implies it, and carries the knowledge with it, so that the charge in the form. of the statute, involves that of knowledge.

The rule that the statement of an offense is sufficient, when in the language of the law, is subject to many exceptions, but the present case falls within the rule rather than the exceptions. To keep a house, implies intent; and. to keep one resorted to for such purpose, implies knowlege of that purpose. This is true in relation to the statute, and then the statement of the offense, in the language of the law, is sufficient according to the common rule. While we recognize this rule, and that it·is subject to exceptions, we do not wish to discuss those exceptions upon this occasion.

In like manner, the objection to the second count, is the want of an averment of knowledge—the knowledge that others played for money, &c. Still more strongly do the foregoing remarks apply here. One cannot permit without knowing. The only thing that could call for the tautological expression, " did knowingly permit," would be some form of statute. This charge, too, being in the language of the law, is sufficient. We are clearly of the opinion, that the indictment answers the requirements of sec-

tion 2916 of the Code, and that there was no error in over-ruling the demurrer.

The exception that the indictment charges two offenses, does not appear to have been made in the court below, and not having been passed upon there, and its presentation here being objected to, it will not be examined. *Huston* v. *Wolcott*, 1 Iowa, 86.

Judgment affirmed.