THE STATE OF IOWA v. MIDDLETON.

1. INDICTMENT. An indictment under section 2721 of the Code of 1851, charged that the defendant at a time and place named " being then and there the keeper of a house resorted to for the purpose of gambling, knowingly and unlawfully did permit, and suffer evil disposed persons, whose names are to the grand jurors unknown, then and there to play at cards for money, whisky and other property, &c.; *Held,* that it was sufficient.

*Appeal from Muscatine District Court.*

WEDNESDAY, DECEMBER 5.

*Cloud & Van Horne* for the appellant.

*Wells Spicer* and *S. A. Rice*, Attorney General, for the State.

WRIGHT, J.—The Code, section 2721, provides that, "If any person keep a house, shop or place resorted to for the purpose of gambling, or permit any person in any house, &c., under his control or care to play at cards, dice, &c., for money or other thing, such offender shall be fined," &c. In a prosecution under this section, any person who has charge of, or attends to any such house, shop, or place may be deemed the keeper thereof."

The defendant was charged under this section, the indictment reciting, that he, on the first day of October, &c., at the county, &c., being then and there the keeper of a house resorted to for the purpose of gambling, knowingly, willfully and unlawfully did *permit* and suffer evil disposed persons, whose names are to the grand jurors unknown, *then* and *there*, *to play at cards*, for money, whisky and other property, to the manifest corruption of good morals, contrary to the provisions of the Code, &c.

In our opinion this indictment charges with sufficient certainty and distinctness, that defendant suffered persons to play at a game or games, for money, &c., in a house under his care and control. The fair and reasonable construction of the language used by the pleader is that the defendant did suffer and permit the gaming named, to take place in a house, of which he was then and there the keeper. It is true that the use of the words "resorted to for the purpose of gambling" would lead to the inference that the pleader had in view the offence defined in the first clause of the section. And it is equally true that it would have been better to have charged, in the language of the law, that the house was under the control or care of the prisoner. The words

"resorted to for," &c., do not vitiate the indictment however, and perform no office, other than to define with greater certainty and precision the character of the house kept.    And while to have charged that the house was under the control or care of the defendant would have removed all room for doubt or controversy, the language employed is scarcely susceptible of two constructions.    If the defendant suffered and permitted gambling in a house which he thén and there kept, he permitted it in a place under his control.    The exact language of the statute need not be followed, where words of the same substantial meaning and import are employed. *State* v. *Cure*, 7 Iowa, 479.

Judgment affirmed.