## STATE v. KAUFMAN.

1. **Indictment:** SUFFICIENCY OF: GAMBLING.   An indictment charging that the defendant "did keep a house, shop and place under his care and control, in which said house, shop and place, he did permit and suffer divers persons, to the jurors unknown, to play at cards, dice, dominos, and other games for money, cigars, beer, and other things, contrary to the form of the statute, etc., *held* sufficient under section 4026 of the Code; following *State v. Cure*, 7 Iowa, 479; *State v. Cooster*, 10 Iowa, 452; and *State v. Middleton*, 11 Iowa, 246.

*Appeal from Henry District Court.*

TUESDAY, SEPTEMBER 19.

INDICTMENT for permitting gambling.   A demurrer to the indictment was overruled and judgment was rendered against the defendant, and he appeals.

No appearance for appellant.

*Smith McPherson, Attorney-general,* for appellee.

SEEVERS, CH. J.—The indictment charges that the defendant "Did keep a house, shop and place under his care and control, in which said house, shop and place, said Jacob Kaufman, did permit and suffer divers persons, to the jurors unknown, to play at cards, dice, dominoes and other games for money, cigars, beer and other things, contrary to the form

VOL. LVIX—18

of the statute in such case provided, and against the peace and dignity of the State of Iowa." The statute provides: "If any person keep a shop, or place resorted to for the purpose of gambling, or permit or suffer any person in any house, shop, or other place under his control or care to play at cards, faro, roulette, equality, or other game for money or other thing, such offender shall be fined, etc." Code, § 4026. This section is the same as section 2721 of the Code of 1851. The indictment in this case is in substance the same as the second count in the indictment in *The State of Iowa v. Oure*, 7 Iowa, 479, which was held on demurrer to be sufficient. See, also, *The State of Iowa v. Cooster*, 10 Iowa, 453, and the *Same v. Middleton*, 11 Id., 246. Following these cases we must hold the indictment in the case at bar to be sufficient. The demurrer therefore was correctly overruled. This case was submitted on written transcript. All that is contained therein is the indictment, demurrer, the ruling of the court thereon, and the judgment. As we have determined the only question appearing in the record before us it follows the judgment must be

AFFIRMED.