CHARLES MONTGOMERY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Section 2644 Revised Statutes fully defines two phases of the offense thereby created: First, Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or gaming implements or apparatus, or room, house, booth, tent, shelter or other place for the purpose of gaming or gambling; and, second, whoever procures, suffers or permits any person to play for money or other valuable thing at any game whatever, in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others.

2. An information, under the statute referred to in the preceding head-note, charging that a defendant did by himself, his servants and agents, unlawfully have, keep and maintain a room, a house in the city of DeLand, Volusia county, Florida, which house the defendant by himself, his agents, clerks and servants, did have charge, management and control, and did procure, suffer and permit persons to play and engage in

games of chance with cards, and other games of chance for money, drinks and other things of value, is defective in that it neither alleges that the defendant had, kept or exercised or maintained a gaming table, gaming implements or apparatus, or room, house, booth, tent, shelter or other place, *for the purpose of gaming or gambling*, nor that he procured, suffered or permitted any person to play for money or other valuable thing at any game whatever, *in any place* of which he directly or indirectly had charge, control or management, either exclusively or with others.

Writ of Error to the Criminal Court of Record for Volusia county.

The facts in the case are stated in the opinion of the court.

*John W. Price*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

MABRY, J.:

Writ of error to the Criminal Court of Record of Volusia county, in which court plaintiff in error was convicted and sentenced under the statute against keeping gambling houses.

The information filed, omitting beginning and conclusion, is as follows, *viz*: "James W. Perkins, County Solicitor for the county of Volusia, prosecuting for the State of Florida, in the said county, under oath, information makes that Charles Montgomery, late of the county of Volusia, and State of Florida, on the 29th day of July, in the year of our Lord on thousand eight hundred and ninety-seven, in the county and State aforesaid, with force and arms, did by himself, his servants and agents, unlawfully have, keep and maintain a room, a house in the city of DeLand, Volusia county, State of Florida, which house the said Charles Montgomery

by himself, his agents, clerks and servants, did have charge, management and control, and did procure, suffer and permit persons to play and engage in games of chance with cards, and other games of chance for money, drinks and other things of value, against the form of the statute in such cases made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."

The court overruled a motion to quash the information on the grounds that it was vague, uncertain and indefinite, and did not set forth what gaming implements were used, and did not allege any offense which the defendant could meet in his defense, and charged no crime. The statute under which the prosecution was commenced—section 2644 Revised Statutes—provides that "whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling, or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the State prison not exceeding three years, or by fine not exceeding five thousand dollars."

We held in the case of McBride v. State, 39 Fla. 442, 22 South. Rep. 711, that this section of the statutes fully defines the offense that it creates, and that in such cases it is ordinarily sufficient to charge the defendant with all the acts within the statutory definition substantially in the words of the statute, without further expansion. It is said in the opinion that the gist of the offense prohibited by this statute is the keeping and

maintaining of a house, room or other place for the purpose of gaming or gambling. The statute provides two phases of the offense created. Whoever has, keeps, exercises or maintains a gaming table or gaming implements or apparatus, or room, house, booth, tent, shelter or other place for the purpose of gaming or gambling, is deemed to be guilty; and also whoever procures, suffers or permits any person to play for money or other valuable thing at any game whatever, in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, is declared an offender under the statute. The charge in the McBride case was under the first paragraph of the statute, prohibiting the having, keeping, exercising or maintaining a gaming room for the purpose of gaming or gambling, but the same penalty is imposed for procuring or permitting persons to play at any game for money or other valuable thing in any place of which a person has charge or control. We can not see that the information charges any offense under the statute. It neither alleges that the defendant had, kept, exercised or maintained a gaming table, or gaming implements, or apparatus, or room, house, booth, tent, shelter or other place, *for the purpose of gaming or gambling,* nor that he procured, suffered or permitted any person to play for money or other valuable thing at any game whatever, *in any place* of which he directly or indirectly had charge, control or management, either exclusively or with others. It does charge that the defendant by himself, his servants and agents unlawfully had, kept and maintained a room, a house in the city of DeLand, Volusia county, Florida, which house the defendant by himself, his agents, clerks and servants had charge, management and control, and did procure, suffer and permit persons

to play and engage in games of chance with cards, and other games of chance, for money and other things of value; but *where* the games were procured, suffered or permitted to be played is not stated; nor is it alleged that the room or house of which defendant had control or management was kept or maintained for gaming or gambling. The information is essentially defective in charging the offense created and defined by the statute and should have been quashed by the court.

The judgment will be reversed with direction that the information be quashed, and for such further proceedings as may be required by law.