Joseph Richardson, Plaintiff in Error, vs. The State of Florida, Defendant in Error.

1. The artificial effect given to the finding of implements, devices or apparatus commonly used in games of chance in gambling houses or by gamblers, by Section 2648, Revised Statutes, is confined to the purpose for which the house, room, booth, shelter or place where found is kept. Such finding does not under the statute constitute *prima facie* evidence that the implements found were used for gaming purposes, nor that any person had procured, suffered or permitted another to play for money or other valuable thing at any game in the place where such implements are found.

2. An information charging that defendant "did keep a certain gaming place and did then and there suffer and permit many persons whose names are to the solicitor unknown to play therein at games of cards and other games of chance for money, and for other hire, for gain and for reward," does not charge an offense under that clause of Section 2644, Revised Statutes, relating to the keeping of places for the purpose of gaming or gambling, but does charge an offense under the clause of the same section relating to one who, in any place of which he may have charge, control or management, procures, suffers or permits any person to play for money, etc.

3. Evidence examined and held insufficient to support the verdict.

Writ of error to the Circuit court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*G. A. Hanson* (on brief of Harris & Peeples), for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

CARTER, J.:

On July 7, 1898, in the Criminal Court of Record of Hillsborough county, plaintiff in error was by the verdict of a jury found guilty as charged under an information alleging "that Joseph Richardson, late of the county of Hillsborough, in the State aforesaid, on the thirty-first day of May, in the year of our Lord one thousand eight hundred and ninety-eight, with force and arms at and in the county of Hillsborough aforesaid, did keep a certain gaming place, and did then and there suffer and permit many persons, whose names are to the solicitor unknown, to play therein at games of cards and other games of chance for money and for other hire for gain and for reward, against the form," &c. Defendant made a motion for a new trial upon grounds, among others, that the verdict was contrary to law and against the weight of evidence. The motion was overruled and from the sentence imposed he sued out this writ of error, and assigns as error the ruling upon the motion for a new trial.

From the evidence it appears that the defendant and one Payne occupied a room in a private dwelling in which sleeping rooms were rented by the proprietor; that two officers in 1898 went to this room, opened the door and found therein a large number of dice and packs of bicycle cards of the kind generally used in gambling.

One witness estimated the number of dice at about one hundred, and the cards at about a dozen packs, while another estimated them at double these numbers. The officers also found in the room a small ratchet-drill, with several bits for drilling holes, lying on a small bed-room table, and attached to the table was a small vice holding one of the dice. The size of the room was about 10x12 feet, and it contained a double bedstead and bedding made up for sleeping purposes, and a bureau, washstand, bowl and pitcher, one chair and the table before mentioned. The room had the general appearance of an ordinary bed-room. There were found also a quantity of lead, shot, paint and brushes, and the drill bits were suited for drilling holes about the size of the spots on the dice. Some of the dice were found to be loaded. The defendant was comparatively a stranger in the community. There was no evidence tending to show that any gambling had in fact ever taken place in the room, or that the dice or cards had ever been used for gambling or other purposes, or that defendant ever suffered or permitted any persons to play at any game for money or otherwise in the room. The defendant denied that any gambling had ever been carried on in the room to his knowledge; and Payne, the other occupant, testified on behalf of defendant that the room had never been used for gaming purposes, but only as a bed-room. Defendant admitted that the cards and dice were his property, and that he was loading and experimenting with and selling the dice to soldiers and others, and two witnesses on his behalf corroborated this statement.

The jury evidently rejected defendant's explanation of his possession and use of the dice, and finding he had not accounted for his possession of the cards, applied to the fact of the finding of the cards and dice in a room

20

occupied by him the statutory effect, declared by section 2648, Revised Statutes, reading: "If any of the implements, devices, or apparatus commonly used in games of chance in gambling houses or by gamblers are found in any house, room, booth, shelter or other place, it shall be *prima facie* evidence that said house, room, booth, shelter or place where the same are found is kept for the purpose of gambling." A careful reading of this statute shows that the artificial effect given to the finding of the implements mentioned in the places mentioned, is confined to the purpose for which such place is kept. Such finding does not under the statute constitute *prima facie* evidence that the implements found were used for gaming purposes, nor that any person had procured, suffered or permitted another to play for money or other valuable things at any game in the place where such instruments are found or elsewhere. The statute has no application whatever to a trial upon any charge other than one involving the having, keeping, exercising or maintaining a gaming room, or a house, booth, tent, shelter or other place for the purpose of gaming or gambling. Wooten v. State, 24 Fla. 335, 5 South. Rep. 39. Unless the information before us charges an offence of this nature, the jury were not justified in applying to the fact of the finding of the implements the artificial effect provided by this statute. The information is based upon section 2644, Revised Statutes, reading as follows: "Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises, or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter, or other place for the purpose of gaming or gambling, or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits

any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished," &c.   There is no allegation in this information as to the unlawful character of the place except that it was a "gaming place," and that defendant on one occasion suffered and permitted many persons to play therein for money, &c., but not that this occurred on divers days, or habitually or commonly, or that the place was kept for the purpose of gaming, or other language which we can construe as equivalent to an allegation that the place was kept by defendant "for the purpose of gaming or gambling," within that clause of the statute relating to the keeping of places for such purpose.   Doyle v. State, 19 Tex. App. 410; Montgomery v. State, 40 Fla. 174, 24 South. Rep. 68.   The information does, however, charge an offence under the last clause of the statute relating to one who, in any place of which he may have charge, control or management procures, suffers or permits, &c., as the allegation in the information to the effect that defendant "kept" a gaming place and "therein" suffered and permitted, &c., are equivalent to the statutory requirement that he suffered and permitted, &c., in a place of which he had "control."   State v. Middleton, 11 Iowa, 246.   As the statute giving artificial effect to the finding of gambling instruments has no application to the charge made in this information, and there was nothing whatever shown in connection with the simple fact of the finding of the implements to authorize the jury to presume that defendant suffered and permitted gaming in the room occupied by him, the mere fact of finding the implements not constituting *prima facie* evidence to that effect without the aid of a statute which we have not, it follows that there was no evidence upon which the jury could

legally have found defendant guilty of the offence charged.

The judgment is reversed and a new trial granted.