CHRIS BRAVO, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

An information charging that the accused in a named county and at a stated time "did then and there have charge, control and management of a gaming table and did then and there procure, suffer and permit divers persons to your informant unknown to play thereon for money at games of cards and other games of chance contrary," etc., does not charge an offense under the second clause of section 2644, Rev. Stats., 1892, because its allegations fail to show that the accused procured, suffered or permitted persons to play for money at games *in a place* of which he had charge, control or management.

This case was decided by the court *En Banc.*

Writ of error to the Criminal Court of Record for Duval county.

The facts in the case are stated in the opinion of the court.

*Albert H. Mickler* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

CARTER, J.—In August, 1903, an information was filed in the Criminal Court of Record of Duval county, charging by the first count that Chris Bravo the plaintiff in error, on July 4, 1903, in Duval county did feloniously have, keep, exercise and maintain a gaming table for the purpose of gaming and gambling, and by the second count "that Chris Bravo of the county of Duval and State of Florida, on the 4th day of July, in the year of our Lord one thousand nine hundred and three in the county and State aforesaid, did then and there have charge, control and management of a gaming table, and did then and there procure, suffer and permit divers persons to your informant unknown to play thereon for money at games of cards and other games of chance, contrary," etc.   In September, 1903, a trial was had resulting in a verdict of guilty as charged in the second count of the information.   Defendant filed his motion in arrest of judgment, which was overruled, and from the sentence imposed sued out this writ of error.

The only question the court deems it necessary to discuss relates to the sufficiency of the second count of the information upon which the conviction was had.   The information attempts to charge the offense denounced by section 2644, Rev. Stats., 1892, which provides that "whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling, or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not shall be punished," etc.   The first count was evidently intended to charge the offense as having been committed in the manner mentioned in the first clause of the section, *viz*: by having, keeping,

exercising and maintaining a gaming table for the purpose of gaming and gambling, while the second count was evidently intended to charge the offense as having been committed in the manner mentioned in the second clause of the section, *viz*: by procuring, suffering and permitting persons to play for money at games in a place of which defendant had charge, control or management. This latter count is fatally defective in that it fails to allege that the defendant procured, suffered or permitted the persons to play at games for money in a "place" of which the defendant had charge, control or management. It is true it alleges that defendant had charge, control and management of a gaming table, and that he procured, suffered and permitted persons to play thereon, but this is not equivalent to an allegation that he had charge, control and management of a *place* and procured, suffered and permitted persons to play *therein*. See *Montgomery v. State,* 40 Fla. 174, 24 South. Rep. 68; *Richardson v. State,* 41 Fla. 303, 25 South. Rep. 880. The second count is, therefore, insufficient to support the conviction, and the judgment must be reversed upon that ground.

The judgment is reversed and the cause remanded for such further proceedings as may be conformable to law and consistent with this opinion.

HOCKER, SHACKLEFORD and COCKRELL, JJ., concur.

WHITFIELD, J., disqualified, took no part in the consideration of this case.

TAYLOR, C. J., absent on account of sickness.