WILLIAM PONDER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed December 12, 1918.

1. The purpose and intent of Section 3572, General Statutes of 1906, was to prohibit, not the gaming or gambling itself, but the keeping of a house or other place for any manner of gaming or gambling.

2. Upon a charge under this Statute where it is alleged that the place in which the gambling occurred was in the exclusive possession and control of the defendant, where witnesses testifying refer to such place as "William Ponder's place," or "William Ponder's place of business"; others say that "William Ponder was in charge when I went in there"; that they "heard William Ponder say it was his place," and other similar expressions, and a witness who was a policeman, testified that "if Ponder would see me, he would make some motion to the crowd and they would stop playing," referring in each instance to the defendant, there is evidence to support a verdict of guilty upon such charge and no fatal variance between the pleadings and the proofs although the defendant himself testifies that he and his brother are in charge of such place, that they rent the building together, pay taxes in their joint names upon the property employed in the business conducted in such place and that the license for running such business is in their joint names.

Writ of Error to Circuit Court for Leon County; E. C. Love, Judge.

· Judgment affirmed.

*W. C. Hodges,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—The plaintiff in error hereinafter referred to as the defendant was tried and convicted in the Circuit Court of Leon County for the crime of suffering and permitting certain named persons to play for money a certain game, in his place of business in the city of Tallahassee.

The count of the indictment upon which the defendant was convicted, omitting formal parts, is as follows: "And the Jurors aforesaid upon their oaths aforesaid do further present and say that the said William Ponder, late of the County of Leon aforesaid, in the Circuit and State aforesaid laborer, on the said twentieth day of May, A. D. one thousand nine hundred and sixteen, with force and arms at and in the County of Leon aforesaid, and from said twentieth day of May, A. D. one thousand nine hundred and sixteen continuously up to the day of the date of the filing of this indictment unlawfully and feloniously did suffer and permit Richard Washington, Lawrence Williams and other persons whose names are to the Grand Jurors unknown to play for money at a certain game called High Number in his place of business on College Avenue Street, in the City of Tallahassee, County of Leon, State of Florida, he, the said William Ponder, having exclusive possession and control of his

said place of business against the form of the statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."

The trial court denied a motion for a new trial and sentenced the defendant to the payment of a fine of $250.00, and in default thereof, to be confined at hard labor in the county jail of Leon County for a term of six months. From the sentence imposed, he takes writ of error.

The prosecution is based upon Section 3572, General Statutes of 1906. The pertinent portions of this statute read as follows:

"Whoever   *   *   *   in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the State prison not exceeding three years, or by fine not exceeding five thousand dollars."

In the case of McBride v. State, 39 Fla. 442, 22 South. Rep. 711, in construing this statute, this court held that "the purpose and intent of the section of the statute under discussion was to prohibit, not the gaming or gambling itself, but the *keeping of a house* or other place for any manner of gaming or gambling." And it will be noted that the statute applies to whoever, directly or indirectly suffers or permits any person to play for money at any game whatever, in any place of which he may have charge, control or management *either* exclusively or with others.

The contention, and practically the only contention, that is made, is that the place in which the game described in the indictment was played, was in the charge, control or management of the defendant and his brother,

and that, therefore, there is a fatal variance between the allegations and the proof, since the indictment alleges that such place was in the exclusive possession and control of the defendant.

The defendant admitted the gambling charged in the indictment against him. He also admitted that he participated in the conduct of the business which was carried on in the place where the gambling occurred, but he denied that he had exclusive charge, control or management of such place of business, and says that he and his brother rent the store building together, pay taxes in their joint names upon their property in the store, and that the license for running the business in the place is made out in their joint names.

On the other hand, there is evidence in behalf of the State to the effect that the defendant was in the exclusive charge, control and management of the place. Witnesses referred to the place as "William Ponder's place," as "William Ponder's place of business" and as "Ponder's place of business." One witness testified that "William Ponder was in charge when I went in there;" another that "William Ponder told me it was his place of business," and another that he "heard William Ponder say it was his place." A member of the Tallahassee police force testified that he had seen "crowds hanging around the machine," meaning the device employed in the gambling scheme carried on, and that "if Ponder would see me he would make some motion to the crowd and they would stop playing." The deputy Sheriff who made the arrest testified: "before I went in stood at window for several minutes, saw money changing hands, changing back and forth among those standing around machine. Ponder was opening the machine and I then went in and Ponder was taking money out of machine." None of this

34—Vol. 76.

testimony was objected to and there is no testimony showing that the brother of the defendant was at any time present and participating in the charge, control or management of the business conducted in the place in which the gambling is alleged to have occurred.

The fact that the defendant's brother may have been associated with him in business does not render the defendant any the less culpable under the statute upon the charge for which he was convicted. Besides, all of what the defendant says may be true and still he may have been in the exclusive charge, control or management of said place of business within the meaning of the statute as alleged in the indictment. That two persons rent a place, pay taxes on the property used in a business owned by them and procure license permitting them to conduct such business in their joint names, is not wholly incompatible with the idea of such place being in the exclusive charge, control or management of one of such persons.

That the defendant is guilty, there can be no doubt under the evidence. His own testimony is conclusive as to that. There is ample evidence to support the charge and that there is no fatal variance between the allegations and the proof is clear.

It follows that the judgment must be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.