JOE ITALIANO, *alias* BIG JOE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed January 2, 1930.

*T. B. Castiglia* and *Joseph G. Spicola,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was prosecuted under an information in two counts filed in the Criminal Court of Record of Hillsborough County, Florida. The first count of the information charged the offense of keeping and maintaining a gaming apparatus for the purpose of gaming and gambling under Section 7657, Comp. Gen. Laws, 5499 R. G. S., and the second count charged the same offense under Section 7658, Comp. Gen. Laws, 5500 R. G. S.

The apparatus referred to in the information was a slot machine.

Under the holding of this Court in the case of McBride v. State, 39 Fla. 442, 22 So R. 711, a charge in an information under Section 7657, Comp. Gen. Laws, and a second charge or count in the same information under Section 7658, Comp. Gen. Laws, are not inconsistent.

The fourth assignment of error is based upon the admitting of testimony as to slot machines over the objection of counsel. The record shows that counsel for the defendant in the court below brought out from the witness Eatman full and concise information as to how the slot machines in question were constructed and how they operated and if there was any merit in his contention that the machines' used were not introduced as the best evidence of the manner in which they operated he waived such advantage as he might have taken by himself drawing from the witness the details of the mechanism referred to and

the manner and method of operating the machines as gaming apparatuses.

The above observation also applies to the fifth assignment of error.

The sixth assignment of error is that the State "failed to prove the material allegations in the information filed against this defendant." The record shows that the State proved every material allegation of the information. It proved that the defendant was running a place of business, to-wit, a cold drink stand in Hillsborough County, Florida; that Eatman made arrangements with the defendant by which he placed two slot machines in the custody of the defendant in his place of business under which agreement the defendant was to receive one-third of the profits from the operation of the machines; that the defendant furnished change with which to operate the machines; that the profits realized in the two machines averaged about Sixty ($60.00) per week and that the defendant received 1/3 of the profits as his share for the operation of the machines in his place of business. That for the purpose of the operation of the machines, he was the agent of the owner of the machines, Eatman. That each of the machines was a gaming apparatus which played for money only and when it paid off it paid off in money; that the person operating the machine upon each operation would either break even, win or lose. That he could win as much as one dollar ($1.00) with a nickel and that he could lose only a nickel at a time; that the average losses was such as to make the profits to the operator of a machine in a place located as these machines were located average about Thirty ($30.00) Dollars each per week.

The seventh assignment of error was abandoned.

The eighth, ninth, tenth and eleventh assignments of

1228

error fail for the reasons stated as to the sixth assignment of error.

The twelfth assignment of error fails for the same reasons that the fifth assignment of error is held to be without merit.

The thirteenth assignment of error was based upon the failure of the court to direct a verdict of not guilty and there is no merit in this assignment.

The fourteenth and fifteenth assignments of error refer to the ruling of the court in denying a motion to quash the information and in denying a motion for the election between counts of the information. Both assignments are without merit. See McBride v. State, *supra.*

The other assignments of error are without merit.

For the reasons stated the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.