CHARLIE VANDERHORST, alias Charlie Moon, v. STATE OF FLORIDA.

10 So. (2nd) 138                                          En Banc
October 23, 1942

Sam Bucklew, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin and Woodrow M. Melvin, Assistant Attorneys General, and H. Tolbert Black, Special Assistant Attorney General, for appellee.

ADAMS, J:

Appellant went to trial on an information in two counts. The first charged the maintaining of a gambling room for the purpose of gambling. The second

count charged the defendant of having control and management of a *gambling* room and suffering others to gamble therein. The information was based on Section 7657, C. G. L., now Section 849.01, Florida Statutes, 1941. There was an acquittal on the first and a conviction on the second. The pertinent part of the statute under which the conviction was had provides:

"Whoever . . . in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever . . ."

Thus it will be seen that the State alleged more than was necessary in the second count when charging the room maintained was a "gambling" room. Having alleged such fact, then is the State required to prove same or can it be treated as surplusage? The Criminal Procedure Act of Florida provides in Section 124:

"Surplusage. Any allegation unnecessary under existing law or under the provisions of this chapter may, if contained in an indictment, information or bill of particulars, be disregarded as surplusage."

Section 309 of the Criminal Procedure Act of Florida provides:

"When Judgment Not to Be Reversed or Modified. No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."

The information was sufficiently definite and certain to meet all constitutional requirements. The error pointed out was in appellant's favor in that the court charged the jury that under the second count it was incumbent on the State to prove that defendant had charge of a *gambling* room and suffered others to gamble therein. The evidence is convincing to us, as it evidently was to the jury, that appellant caused his tables to be delivered to the room the night before; that he secured a man who had worked for him before to deal the cards and operate the game; that he delivered a cut box or "kitty" to his dealer; that he retained a key to the cut box; that he instructed his dealer to enlist another negro to coax the people to the place for gambling. The State is not required to prove the personal presence of the accused in the room in order to prove control of the room, or that the accused had the exclusive control of same.

Appellant also contends that his acquittal under the first count is a bar to a conviction under 'the second as here charged. We find this without merit also. The statute under which this prosecution was had is in the disjunctive and denounces two separate crimes.

We have carefully studied the briefs filed and have likewise read the testimony and have given due consideration to the sentence imposed. From the record as a whole, we find no reversible error.

The judgment is affirmed.

WHITFIELD, TERRELL, CHAPMAN, JJ., concur.

THOMAS, J., agrees to conclusion.

BROWN, C. J., and BUFORD, J., dissent.

BUFORD, J., dissenting:

I find myself unable to concur in the opinion prepared by Mr. Justice ADAMS in this case because that opinion holds that language which I consider a material allegation of the information is surplusage and may be eliminated. The information upon which the appellant was tried was in two counts. The first count charged that:

"Charlie Vanderhorst, alias Charlie Moon late of the County of Hillsborough aforesaid, in the State aforesaid, on the 27th day of November in the year of Our Lord one thousand nine hundred and forty-one with force and arms at and in the County of Hillsborough aforesaid did unlawfully and feloniously have, keep, exercise and maintain a gambling room in a building located at 1006½ Central Avenue, Tampa, Florida, a further description and more exact location of which is to the solicitor unknown, for the purpose of gaming and gambling, for money and other things of value, against the form of the statute in such case made and provided, to the evil example of all others in like case offending, and against the peace and dignity of the State of Florida;"

The second count charged that:

"Charlie Vanderhorst, alias Charlie Moon, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 27th day of November, A. D. 1941, with force and arms at and in the County of Hillsborough aforesaid, having charge, control and management of a certain gambling room located in a building located at 1006½ Central Avenue, Tampa, Florida, a further description and more exact location of which is to the solicitor unknown, did then and there unlawfully and feloniously suffer and permit

divers persons, the names of such persons being to the solicitor unknown, to play for money and other things of value, at a game of chance commonly known as a skinning, and other games of chance to the solicitor unknown, against the form of the Statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida; wherefore the said Joseph E. Williams, county solicitor aforesaid, prosecuting for the State of Florida aforesaid, prays the advice of the Court in the premises and that a capias may be issued forthwith for the arrest of said Charlie Vanderhorst alias Charlie Moon and that he be held for trial under the foregoing information."

Both counts charged violation of Section 7657, C.G.L. now appearing as 849.01, Fla. Statutes 1941.

The second count of the information charges that Charlie Vanderhorst, having charge, control and management of a certain gambling room located at a certain designated place in Tampa, Florida, did then and there unlawfully suffer and permit divers persons to play for money or other things of value at certain games. So it is that the second count of the information charges substantially the same offense which is charged in the first count of the information. The State elected to charge Vanderhorst with having control and management of the room and therein allowing persons to play at games of chance for money or other things of value. Under each count it was necessary to prove the allegations that Vanderhorst had directly or indirectly control or management of the room. See 41 Fla. 303, 25 So. 880. There is no evidence, that I can find in the record, which shows

that Vanderhorst had any charge, control or management of the room which was shown to have been a room where gambling was carried on. The Section of the Statute here under consideration is that which condemns not gambling, but the keeping of a gambling house or room, or maintaining a gambling table. If Vanderhorst had been charged in this information with maintaining a gaming table, a different case would be presented here, but he was not charged with having charge, control or management of a gaming table.

The Court correctly charged the jury in regard to to the second count of the information as follows:

"Now, the second count is based on the second part of that statute, and that is made clear to you when I tell you what the State must prove under the second count, and that is that the defendant, at the time and place charged, had charge, control or management of a certain gambling room, and that that gambling room, if you find it was one, was located in a building at 1006½ Central Avenue, in this City, County and State, and that the defendant did then and there unlawfully suffer and permit divers persons to play for money and other things of value at a game of chance commonly known as 'skinning.' In other words, under this second count the State is required to prove that the defendant had charge, control and management of a gambling room at that address I gave; next, that that was a gambling room; and next, that the defendant did then and there unlawfully suffer and permit divers persons to play for money or other things of value at a game of chance commonly known as "skinning.'"

As I understand the law, the State must prove the charge made and every element of that charge, and when a specific charge is made in which the elements of the statutory offense are set out the accused may not be convicted under that charge of some other statutory offense of which the evidence may prove him to be guilty.

I do not think that the allegations of the information "having charge, control and management of a certain gambling room" could be eliminated as surplusage, because the statute only applies to "Whoever by himself, his servant, clerk or agent, or in any other manner, has, keeps, exercises or maintains a gaming table or room . . . for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management either exclusively or with others procures . . ." etc. Now if the information had charged that Vanderhorst maintained ·a gaming table and procured, suffered or permitted other persons to play for money or thing of value, the allegation would have been sufficient and the proof would have supported that charge, but the State, as heretofore pointed out, charged him with having charge, control and management of the gaming room. It was upon that charge that he had the right to be tried in a court of justice and it was upon that charge that he was required to prepare his defense.

I am not at all concerned with whether or not the record shows that Vanderhorst was a gambler, or was interested in a game of chance that was being played at the place designated. The only thing which concerns me here is that a charge has been made which has not been proved and the accused has been

convicted for having committed an act which is clearly condemned by the statute but which was not charged in the information.

To be guilty under the second count of this information the accused would necessarily be also guilty under the first count of the information.

The jury disregarded the charge of the court as to what the State was required to prove under the second count of the information and the verdict should have been set aside and a new trial granted.

BROWN, C. J., concurs.