PEARSON, Judge.
The appellants were found guilty of maintaining a gambling room in contravention of the law as set forth in § 849.01, Fla.Stat., 1963, F.S.A. On their appeal to this Court, the appellants present two points. The first point urges that the trial court erred in denying appellant’s motion to quash the search warrant upon the ground that the affidavit was insufficient to show probable cause. The second point questions the sufficiency of the evidence to sustain appellants’ convictions. We find that a reversal is necessary under appellants’ second point, even if the evidence seized under the search warrant was validly admitted; therefore, we do not further discuss the first point.
The arresting officer testified that an informer dialed defendants’ number and that he heard the informer place a bet with'the person who answered.. The, officer *499 eould not testify that defendants’ number was in fact dialed by the informer because the officer was at an extension phone. One attempted bet on baseball games was taken by a police officer when the search warrant was executed. In addition, it was established that no apparent business was being conducted on the premises, and that the defendants kept a constant watch near the telephone. This evidence is sufficient to raise a strong suspicion that the appellants were probably taking bets over the telephone. In Creash v. State, 131 Fla. 111, 179 So. 149 (1938), the Supreme Court affirmed the conviction of a defendant charged with keeping and operating a gambling house contrary to this section. In discussing the necessary proof for conviction, the court held that to convict a person of operating a gambling house, the State must prove that “by the owner’s knowledge and consent or direction some game or device condemned as gambling has been habitually played or carried on there.” [Emphasis supplied.]
In Millman v. State, Fla.1951, 55 So.2d 713, the Supreme Court reaffirmed the holding of Creash v. State, supra. Thereafter, this Court in Stanger v. State, Fla.App. 1960, 117 So.2d 417, had occasion to apply the same requirement. The State contends that “frequency” is not an essential element. See Knight v. State, 94 Fla. 868, 114 So. 665 (1927). The cases cited do not give a clear statement of when a room may be said to have been “habitually used” for gambling; however, we are certain that one instance of taking a bet on a baseball game is not sufficient. The officer’s testimony as to the number called by the informer is hearsay, and the circumstantial evidence of the vigil maintained by defendants near the telephone is not sufficient because they could have had a legal purpose for tending the phone.
Therefore, the judgments and sentences of these defendants are reversed, and they are discharged from the cause.
Reversed.