269 So.2d 385 (1972)
James PERLMAN and Stephen B. Paskind, Appellants,
v.
STATE of Florida, Appellee.
No. 71-824.
District Court of Appeal of Florida, Fourth District.
November 22, 1972.
Rehearings Denied December 15, 1972.
*386 Joseph A. Varon, of Varon & Stahl, Hollywood, for appellants.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., Tallahassee, for appellee.
REED, Chief Judge.
This is an appeal from adjudications and sentences entered by the Court of Record for Broward County. On 27 July 1971 an information was filed in the Court of Record which in two counts charged appellant Perlman with maintaining a gambling house in Broward County, Florida, at 850 N.E. 13th Street, Fort Lauderdale, on July 21st and July 22nd, 1971. On the same date a separate information was filed as to Stephen Paskind charging him with maintaining a gambling house at the same location on 21 July 1971. The informations were based on Section 849.01, F.S. 1969, F.S.A. The causes were consolidated and tried before a jury in September 1971. The jury returned verdicts convicting both defendants of maintaining a gambling house on the 22nd of July only. Each defendant was sentenced to a fine of $5,000.00 or one year at hard labor. Both defendants have appealed from the judgments and sentences.
In response to motions for a bill of particulars, the state filed bills of particulars stating that the crime charged against Perlman occurred on July 21st and 22nd and that the crime charged against Paskind occurred on July 21st.
We have carefully reviewed each of the appellants' four points on appeal and conclude that points two and three are without merit and do not require discussion. The appellants' first point reads as follows:
"Where appellants were charged with maintaining a gambling house under F.S. 849.01, [F.S.A] is not the prosecution required to prove that a game condemned as gambling has been habitually played or carried on?"
*387 The defendants were charged with violating Section 849.01, F.S. 1969, F.S.A. The language of that statute at the time of the information, with the elimination of irrelevant parts, reads as follows:
"Whoever ... has ... or maintains a ... house .. . or other place for the purpose of ... gambling or (whoever) in any place of which he may ... have... control ... either exclusively or with others, procures ... or permits any person to play for money or other valuable things at any game whatever, ... shall be punished..."
The statute actually specifies two offenses. One is the maintaining of a house for purposes of gambling. The other is permitting gambling in a place under one's control. The disjunctive nature of this statute was recognized in Vanderhorst v. State, 1942, 151 Fla. 620, 10 So.2d 138, 140, and Toll v. State, 1898, 40 Fla. 169, 23 So. 942. The informations in the present case are sufficient only to charge each defendant with maintaining a place for purposes of gambling. They are not sufficient to charge a violation of the second aspect of the statute.
In order to prove the offense of maintaining a place for the purpose of gambling it is incumbent on the state to prove that the defendant has (a) ownership or control of a place (b) where with his knowledge, direction or consent (c) habitual gambling has been conducted. Creash v. State, 1938, 131 Fla. 111, 179 So. 149; Grossman v. State, Fla. 1952, 59 So.2d 59; Millman v. State, Fla. 1951, 55 So.2d 713. It should be noted, however, that the crime proscribed is not the gambling as such or the habitual use of the property for gambling purposes. It is the maintenance or keeping of a place for gambling purposes. In other words, the statute does not reach the gambling or the gamblers. Stanger v. State, Fla.App. 1960, 117 So.2d 417 and State v. Schell, Fla.App. 1968, 211 So.2d 581, 582.
Bingo has been recognized as gambling within the purview of Section 849.01, F.S. 1969, F.S.A. Creash v. State, supra. Section 849.093, enacted in 1967, removes bingo from the entire chapter (Ch. 849) dealing with gambling, provided the bingo is conducted by organizations not for profit within certain statutorily defined limits. For example, the authorized bingo may be conducted only two nights a week and the prizes are limited to $25.00 each, except that one grand prize is allowable in the amount of $100.00 per night. Section 849.093 is not a penal statute. It provides no penalty for bingo games not coming within the limitations of the statute. Its effect is merely to eliminate bingo from the gambling chapter when played within the limits of the statute. See Greater Loretta Imp. Ass'n v. State ex rel. Boone, Fla. 1970, 234 So.2d 665, 669, wherein the Supreme Court said:
"... Gambling in its various forms, and lotteries, are illegal under present law. Ch. 849, F.S.A. Bingo or Guest games do not violate this statute, if played within the restrictions imposed by the legislature. .. . (§ 849.093, F.S.A.)"
The appellants' argument under Point I proceeds on the assumption that the crime charged against the defendants involves two elements  (a) gambling (b) habitually played. From this premise the appellants conclude that no crime was proved because bingo is no longer considered gambling by reason of Section 849.093, F.S. 1967, F.S.A., and because habitual playing could not be proved under the information and the bill of particulars which charged that the offense occurred as to Perlman on 21 and 22 July and as to Paskind on 21 July. In other words, "habitual" play cannot occur in one or two days.
This argument confuses the crime with the proof necessary to demonstrate the occurrence of the crime. The crime proscribed by the statute is having or maintaining a house or place for the purpose of gambling. The proof of habitual gambling *388 is required only to demonstrate the purpose for which the house or place is maintained. In other words, proof of habitual play is simply proof going to the requisite intent of the person charged with maintaining the house and the character of the place maintained by him. For this reason, proof of the use of premises for gambling prior to the dates specified as the date of the crime is admissible to show purpose and intent on the dates specified in the information. Freed v. State, 1930, 100 Fla. 900, 130 So. 459. In their reply brief, appellants modify their argument slightly by suggesting that the state was in the position of necessarily proving that the crime occurred on a day other than that supplied by the information and the bill of particulars. This argument is simply a reiteration of the fallacy noted above. Appellants cite and rely on Middleton v. State, 1917, 74 Fla. 234, 76 So. 785 and Smith v. State, 1927, 93 Fla. 238, 112 So. 70, 73, for the proposition that a fatal variance exists where the bill of particulars alleges that the crime occurred on one date and the proof shows another. Even if the variance did occur in the present case, a variance between the date pled and the date proved is no longer considered fatal to a conviction, at least where time is not an essential element of the crime. See Horton v. Mayo, 1943, 153 Fla. 611, 15 So.2d 327, 328, and Wheeler v. State, Fla. 1957, 72 So.2d 364. In the latter, the court said:
"... `The authorities all agree, how ever, that while some date or time must generally be stated in the indictment upon which the offense was committed, yet such time need not be stated accurately, except in those cases where the allegation of the precise time is material; and the time alleged must be prior to the finding of the indictment, and within the period when the offense would be barred by limitation; and a different time may be shown at the trial; and it will be sufficient to sustain a conviction if such proof shows the offense to have been committed at any time prior to the indictment, and within the bar of the statute, except in the cases where the exact time enters into the nature of the offense.' ..."
The appellants' other contention under Point I, that is, that bingo is no longer considered as "gambling" because of Section 849.093, F.S. 1967, F.S.A., is without merit too. Bingo per se is not removed by Section 849.093 from the purview of Section 849.01. Only when bingo is conducted by (a) qualified operators and (b) within certain statutory limitations, is the operation legal and immune from the effect of Ch. 849. Whether or not the appellants' game came within Section 849.093 is a question involving the sufficiency of the evidence to prove a violation of Section 849.01.
The appellants' fourth point questions the sufficiency of the evidence to sustain the conviction.
The bingo operation was conceived by Mr. Paskind. He used a corporate entity  GulfStream Center Enterprises, Inc., and a rental arrangement with various charitable organizations for the purpose of promoting and conducting the bingo with an aura of legality. He supplied the funds and all of the implements necessary to conduct the games as well as the know-how.
It is obvious that the games were not conducted within the confines of Section 849.093, if only because of the size of the prizes involved. The evidence shows prizes consistently paid out which exceeded the $25.00 limit on game prizes and the $100.00 jackpot limit.
The game was "habitually played" from the time the operation was started in June of 1971 not only through the dates set forth in the information, but through the date of trial. Certainly the premises were controlled by Mr. Paskind. The lease was assigned to the corporation of which he was the sole executive officer. The testimony reveals that he referred to himself as the manager of the hall. Thus there was ample evidence to sustain Paskind's conviction for *389 maintaining a gambling house. See Creash v. State, Grossman v. State, and Millman v. State, supra.
As to Perlman, the evidence appears to be insufficient. He was merely an employee of Gulfstream or Paskind and subject to the latter's direction. There was no evidence that he had an ownership interest in Gulfstream or in the lease of the hall at which the bingo was conducted. The evidence shows that he assisted Paskind in the conduct of the games and on one occasion was totally in charge of the game in Paskind's absence. This evidence, however, does not measure up to the proof required for conviction under the case authorities cited above. They require that the operator have ownership or control of the premises at which the gambling is habitually conducted. This does not appear as to Perlman.
The adjudication and sentence as to Perlman are reversed. The adjudication and sentence as to Paskind are affirmed.
WALDEN, J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I concur in the Court's opinion reversing the conviction of defendant Perlman; however, I would also reverse the conviction of the defendant Paskind.
In my view the variance between the proof and the charge contained in the information was fatal when considered in light of the bill of particulars. The defendant, Paskind, requested the state to furnish a statement of particulars with respect to the date or dates when the defendant allegedly maintained a gambling house. In response to such request the state submitted that the date or dates in question was July 21, 1971. Having so furnished this date to the defendant the state was limited in the scope of its proof to that specific date.
The purpose of a bill of particulars is to give the defendant notice of the particular acts relied upon by the state to establish the crime charged so that the defendant may be fully advised of the nature and cause of the accusation against him and have an opportunity to prepare his defense. 17 Fla.Jur. Indictments and Informations § 63; 12 Fla. L. & P. Indictments, Informations and Presentments § 4. Included within this broad purpose is the right of the defendant to know the date or dates on which defendant is alleged to have committed the criminal offense. While a bill of particulars is not part of the pleadings and neither strengthens nor weakens the information, the bill of particulars has the effect of narrowing the information to the time within which the act alleged constituting the offense may be proved. Smith v. State, 1927, 93 Fla. 238, 112 So. 70; Martin v. Karel, 1932, 106 Fla. 363, 143 So. 317; 17 Fla.Jur., supra, § 62; 12 Fla. L. & P., supra, § 40.
When the state indicated that the date on which defendant maintained a gambling house was July 21, 1971, the state's proof was limited to that time; so that proof by the state that the defendant operated a gambling house on dates other than July 21 in my opinion constituted a material variance from the date set forth in the information as limited by the bill of particulars. See also Crowell v. State, Fla.App. 1970, 238 So.2d 690; Crusoe v. State, Fla.App. 1966, 183 So.2d 600. The introduction of evidence relating to the conduct of a gambling operation on dates other than July 21, 1971, were prejudicial since without such dates it would not have been possible for the state to have proven that gambling had been "habitually" played or carried on at the premises owned or controlled by the defendant. See Cohen v. State, Fla.App. 1966, 189 So.2d 498.
I therefore would reverse the conviction of the defendant Paskind, as well as the conviction of defendant Perlman.