OTT, Acting Chief Judge.
The state here appeals the dismissal of the information charging appellee Ferguson with permitting another person to engage in a game of cards on his premises, an offense prohibited by Section 849.01, Florida Statutes (1975) (keeping gambling houses, etc.). The trial court concluded that an essential element of the offense was the habitual use of the premises for gambling, and that because such habitual use was not alleged in the information, dismissal of the information was required. We hold that habitual use of the concerned premises for gambling is not an element of the offense under the second part of Section 849.01, *789 Florida Statutes with which appellee was charged. We therefore reverse.
Section 849.01, Florida Statutes (1975) provides:
Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be guilty of a felony of the third degree .
A careful reading of the statute discloses that it consists of two different parts each of which is a separate offense. Appel-lee was charged under the second part, which provides:
Whoever ... in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be guilty of a felony of the third degree .
While conviction under the first part of the statute requires proof that gambling has been habitually carried on at the place in question, Grossman v. State, 59 So.2d 59 (Fla.1952); Mart v. State, 350 So.2d 1123 (Fla. 3d DCA 1977); Gaetano v. State, 273 So.2d 84 (Fla. 4th DCA 1973), such proof does not seem to be required for a conviction under the second part. See Vander-horst v. State, 151 Fla. 620, 10 So.2d 138 (1942) where dicta of the majority opinion seems to us to strongly direct such a conclusion. In addition, we are a bit hard pressed to see any reason for the two separate parts of the statute if habitualness is a necessary element of each part.
We are reluctant to conclude that the legislature intended to classify the occasional social game in one’s home, hunting camp, boat, etc. as a felony gambling offense— particularly since §§ 849.08, 849.11 and 849.-14, Florida Statutes seem to be more directly concerned with such offenses as misdemeanors.
The Florida Supreme Court has recently ruled 849.01 was not unconstitutionally vague or overbroad in the case of Bellamy v. State, 347 So.2d 419 (Fla.1977). As to the first part of 849.01 the supreme court further strengthened the requirement of habitualness in its recent decision in Schultz v. State, 361 So.2d 416 (Fla.1978).
For the reasons set forth above the trial court’s order dismissing the information against appellee is therefore vacated and the cause is remanded for further proceedings not inconsistent with this opinion.
We have been unable to discover a Florida Supreme Court case expressly on the point presented by this appeal. In view of this fact and the obvious impact of our holding, we certify this question to the Florida Supreme Court as one of great public interest.
RYDER and DANAHY, JJ., concur.