377 So.2d 709 (1979)
Carl A. FERGUSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 55974.
Supreme Court of Florida.
December 6, 1979.
Enrique Escarraz, III, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review State v. Ferguson, 365 So.2d 788 (Fla. 2d DCA 1978), which has passed upon a question certified by the district court to be of great public interest. We are presented with the question of whether habitual use of a person's premises for gambling is an essential element of the second part of section 849.01, Florida Statutes (1975) (keeping gambling houses, etc.). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Petitioner was charged by information with knowingly allowing certain named persons to engage in a game of cards for money or other things of value at his residence on March 5, 1977, contrary to section 849.01, Florida Statutes (1975). The trial court dismissed the information after finding it to be defective for failing to allege that the premises had been habitually used for gambling. The District Court of Appeal, Second District, reversed the trial court and concluded that although habitual use of the premises was an element of the first part of section 849.01 (the keeping or maintaining of a gambling room or house), habitual use of the premises was not an element of the second part of section 849.01 (the procuring or permitting of any person to gamble at a place over which defendant has control). We hold that habitualness is an element under both parts of section 849.01 and therefore disapprove the decision of the district court.
*710 Section 849.01, Florida Statutes (1975), provides:
Whoever by himself, his servant, clerk, or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or [whoever] in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be guilty of a felony of the third degree... .
Petitioner argues that section 849.01 contemplates the enterprise or business of gambling as opposed to the occasional or intermittent acts of gambling. The state counters that the decision of the district court contains no novel aspects and is consistent with prior case law.
The leading case of McBride v. State, 39 Fla. 442, 22 So. 711 (1897), states that the purpose and intent of this statute is to prohibit not the gambling itself but the keeping of a house or other place for gambling. Subsequently, at least with regard to the first part of the statute dealing with the keeping or maintaining of a gambling room or house, this Court has required for conviction proof that some game or device condemned as gambling have been habitually played or carried on at a place owned or subject to a defendant's control, with that defendant's knowledge and consent. Grossman v. State, 59 So.2d 59 (Fla. 1952); Millman v. State, 55 So.2d 713 (Fla. 1951); Creash v. State, 131 Fla. 111, 179 So. 149 (1938); Toll v. State, 40 Fla. 169, 23 So. 942 (1898). This Court has also recognized that a defendant might be charged under this statute in separate counts for maintaining or keeping a gambling room or house and for procuring or permitting another to gamble at a place under his control. Vanderhorst v. State, 151 Fla. 620, 10 So.2d 138 (1942); Toll v. State, supra.[1]
The cases cited above and other reported cases dealing with what is now section 849.01, Florida Statutes (1975), have usually involved the charge of maintaining or keeping a gambling house. In an early case dealing with the second part of the statute, Ponder v. State, 76 Fla. 526, 80 So. 311 (1918), the Court cited with approval the language from McBride v. State mentioned above as to the purpose of this statute. The Court did not, however, refer specifically to the requirement of habitualness already announced in Toll v. State with regard to operating or keeping a gambling house.[2] The only other significant Florida case involving the second part of the statute is Vanderhorst v. State, supra, where the defendant was charged in two counts under both the first and second part of present section 849.01. We there held that the term "gambling room" contained in the count alleging violation of the second part of the statute was surplusage and need not be proved by the state in establishing the charge that defendant had permitted others to gamble at his premises. The District Court of Appeal, Second District, in the case at bar concludes that Vanderhorst implies the lack of the need to prove the habitualness element under the second part of the statute. We do not believe Vanderhorst mandates this conclusion.
At the outset we note the basic rule of statutory construction that statutes which relate to the same or to a closely related subject or object are regarded as in pari materia and should be construed together and compared with each other. Alachua County v. Powers, 351 So.2d 32 (Fla. 1977). The courts will view the entire statutory scheme to determine legislative intent. *711 State v. Rodriquez, 365 So.2d 157 (Fla. 1978).
The statutory scheme of chapter 849 (gambling) evinces a general intent to treat the business or profession of gambling as a felony while treating the casual or occasional act of gambling as a misdemeanor. Conviction under section 849.01 is a third-degree felony punishable by up to five years imprisonment. On the other hand, conviction for the act of gambling is a second-degree misdemeanor under sections 849.08, 849.11 and 849.14, Florida Statutes (1975), punishable by up to only sixty days imprisonment. If a single act of gambling were to be punishable under section 849.01, sections 849.08, 849.11 and 849.14 would lose much of their force since the state could always prosecute under section 849.01 provided the gambling occurred on some person's premises. Moreover, the position advocated by the state would result in rendering nugatory section 849.07, Florida Statutes (1975), which provides that a proprietor who permits any person to play pool or billiards for money is guilty of a second-degree misdemeanor. If the requirement of habitualness were read out of section 849.01 under its second part then a single instance of the proprietor's knowingly suffering a gambling transaction to occur would subject him to prosecution under section 849.01 for a felony. All statutes relating to the same subject matter should be so construed with reference to each other that effect may be given to all the provisions of each if this can be done by any fair and reasonable construction. State v. Hayles, 240 So.2d 1 (Fla. 1970). We must assume that the legislature intended to enact effective laws and we believe that the second part of section 849.01 is susceptible to the fair and reasonable construction that habitualness was intended by the legislature as a requirement under the statute.
We also reject the state's position based on another fundamental rule of statutory construction: that criminal statutes are to be construed strictly in favor of the person against whom a penalty is to be imposed. Reino v. State, 352 So.2d 853 (Fla. 1977). This rule is founded on the principles of fairness and justice, that a person is entitled to clear notice of what acts are proscribed and is therefore given the benefit of the doubt when the criminal statute is ambiguous. Applying the rule that criminal statutes must be strictly construed, nothing not clearly and intelligently described in a statute's very words, as well as manifestly intended by the legislature, shall be considered included within its terms. Earnest v. State, 351 So.2d 957 (Fla. 1977). Under the state's expansive reading of section 849.01, an individual would be guilty of a felony for a single instance of allowing his friends to bet one dollar at a ball game they were viewing at his home, as would the individual's wife who may have been present in the other room pursuing other activities but who was aware of the bet and took no action to stop it. The persons engaging in the gambling itself, however, would be guilty of a mere second-degree misdemeanor. We believe it reasonable to conclude that the legislature did not intend such a result. The district court itself recognized in the decision below the unfairness of equating the occasional social game for petty stakes with the professional criminal enterprise.
Commencing with McBride v. State, supra, Florida courts have consistently held that the single act of gambling is an offense separate and distinct from the offense of keeping a gambling house.[3] For the reasons stated above, we believe that the element of habitualness is implied in the second as well as in the first part of section 849.01.
Accordingly, the writ of certiorari is granted, the decision of the District Court of Appeal, Second District, is quashed, and this cause is remanded to the district court with instructions to remand to the Circuit *712 Court for Pinellas County for proceedings not inconsistent with this decision.
It is so ordered.
ENGLAND, C.J., and ADKINS, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] See also Italiano v. State, 98 Fla. 1225, 125 So. 356 (1930) (defendant charged in a count under this statute with keeping and maintaining a gaming apparatus).
[2] Likewise, the decision in Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361 (1942), where defendants were charged, inter alia, with allowing certain persons to play games of chance at their premises, the Court did not refer to the habitualness element.
[3] Thus in Cohen v. State, 189 So.2d 498 (Fla. 3d DCA 1966), the district court held that competent proof of only a single instance of taking a bet was insufficient to convict defendant of maintaining a gambling house under section 849.01.