WIGGINTON, Judge.
Appellants were convicted of “setting up, promoting or conducting” lotteries in violation of section 849.09(l)(a), Florida Statutes, and have raised ten points challenging their convictions on appeal. After carefully scrutinizing the voluminous record, we find no reversible error and affirm on all points, concluding that only two of those points merit discussion.
Under point III, appellants challenge the trial court’s denial of their pretrial motion to suppress evidence obtained from the court-authorized interception of wire communications. Although the motion raised several grounds for suppression, appellants have chosen only to argue the order as it relates to the warrantless use of dialed number recorders, or pen registers.[1] In its order the trial court observed:
Defendants next contend that the use of dialed number recorders (DNR) or pen-registers violate the Defendants’ 4th and 14th Amendment Rights to the United States Constitution. The pen-registers herein were obtained by means of Orders signed by Judges of the Fourth Judicial Circuit of Florida. The United States Supreme Court held in Smith v. Maryland, (1979) 442 U.S. 735, 99 S.[C]t. 2577, [61 L.Ed.2d 220], that pen-registers may be employed by law enforcement officers without the use of a search warrant. In Smith, the Supreme Court held that telephone subscribers and users do not enjoy any valid expectation of privacy in local telephone numbers dialed from a particular telephone facility. The Court also refused to recognize a constitutional distinction between the locan [sic] and long distance numbers. However, a close reading of the application for the Orders authorized [sic] the interception of wire communications in 82-E, 82-F, 82-G and 82-H reveals sufficient probably [sic] cause without referring to the information developed from the pen-registers.
Without reaching the constitutional dimensions of the order, we agree with the trial court’s finding that there was sufficient probable cause for the intercept orders without the information gleaned from the use of the pen registers. The initial order authorizing the wire interceptions was based on an application setting forth facts concerning the lottery operation and its principal participants, primarily from information gained from a confidential informant through his personal involvement and *430 observation. We hold the facts in the application were sufficient, standing alone, to establish probable cause for the initial order. The subsequent orders authorizing further interception of wire communications were issued on probable cause arising from information gleaned from the initial intercept. Consequently, we find no error and affirm.
Under point X, appellants argue that the trial court erred in refusing to submit to the jury an instruction regarding the lesser offenses found in sections 849.11 and 849.-231. Section 849.11 makes it a second degree misdemeanor to set up, promote or play “at any game of chance by lot or dice, cards, numbers, hazards or any other gambling device whatever for ...,” and section 849.231 makes it a first degree misdemean- or to possess gambling paraphernalia. Appellants contend that the above-enumerated offenses are necessarily lesser included offenses of section 849.09(l)(a). We disagree.
In the case of Brown v. State, 206 So.2d 377 (Fla.1968), the supreme court defined a necessarily lesser included offense as one, without proof of which, it would be “legally impossible” to prove the major crime. Id., at 382. Accordingly, appellants submit that it was “legally impossible” for the state to discharge its burden of proof as to the charged offense of conducting a lottery, without first proving that appellants conducted individual acts of gambling or were in possession of gambling paraphernalia. We hold that both section 849.-11 and section 849.231 contain elements separate and distinct from those embraced in section 849.09(l)(a).
Section 849.11 defines a misdemean- or covering a class of unlawful activities relating to games of chance, and is aimed toward the casual or occasional act of gambling. Ferguson v. State, 377 So.2d 709 (Fla.1979); cf. Jarrell v. State, 135 Fla. 736, 185 So. 873 (1939). On the other hand, section 849.09(l)(a) is intended to prohibit the habitual conducting or promoting of a lottery. Ferguson. The supreme court concluded in Ferguson that a single act of gambling is an offense “separate and distinct” from one premised on habitualness. Id., at 711.
Similarly, the elements of section 849.231 are not necessarily included in those of section 849.09(l)(a). It does not automatically follow that one who is conducting or promoting a lottery has in his or her possession gambling paraphernalia. As in the case of section 849.11, establishing a violation of section 849.231 would require proof of elements extraneous to those of section 849.09(l)(a). Consequently, the trial court did not err in denying appellants’ proffered jury instruction.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.

. A dialed number recorder and a pen register are essentially similar mechanical devices which record, by electrical impulses, telephone numbers dialed from the telephone to which they are attached. Neither intercept the actual oral communication. Armstrong v. Southern Bell Telephone and Telegraph Co., 366 So.2d 88 (Fla. 1st DCA 1979); Commonwealth v. Beauford, 327 Pa.Super. 253, 475 A.2d 783 (1984).