Mr. Mark Herron Chairman Commission on Ethics Post Office Box 6 Tallahassee, Florida 32302-0006
Dear Chairman Herron:
You have asked for my opinion on substantially the following question:
 Does s. 111.011(2)(a), F.S., which requires each elected public officer to file a statement of the contributions received by him and the expenditures made from such contribution, require the officer to list a dollar amount of the contribution or expenditure?
Pursuant to s. 112.3147(3), F.S., it is the responsibility of the Commission on Ethics, together with the Department of State, to prescribe a form for the disclosure of information required by s. 111.011.[1]
According to your letter, the form currently in use provides for disclosure categories titled in conformance with the language of s. 111.011, F.S. Certain elected officials, however, have indicated that they need clarification as to whether they must report contributions and expenditures by general description or by value.
Subsection (2)(a) of s. 111.011, F.S., provides:
 Each elected public officer shall file a statement containing a list of all contributions received by him or on his behalf, if any, and expenditures from, or disposition made of, such contributions by such officer which are not otherwise required to be reported by chapter 106, with the names and addresses of persons making such contributions or receiving payment or distribution from such contributions and the dates thereof. The statement shall be sworn to by the elected public officer as being a true, accurate, and total listing of all of such contributions and expenditures.
"Contribution" is defined as
 any gift, donation, or payment of money the value of which is in excess of $25 to any elected public officer or to any other person on his behalf. Any payment in excess of $25 to a dinner, barbecue, fish fry, or other such event shall likewise be deemed a "contribution." However, a bona fide gift to the officeholder by a relative within the third degree of consanguinity for the personal use of the officeholder shall not be deemed a "contribution." This section does not apply to honorary memberships in social, service, or fraternal organizations, presented to an elected public officer merely as a courtesy by such organizations.[2]
Thus, the statute requires disclosure of any "gift" or "donation," the value of which is in excess of twenty-five dollars, made to or on behalf of an elected public officer. This office has previously stated that in view of the apparent purpose of the statute — to compel disclosure of all gifts and donations which might tend to influence an elected public officer — the statute should be read so as to include all gifts and donations of a value in excess of twenty-five dollars, irrespective of their form.[3]
Subsection (5) of the statute provides that the statute shall be liberally construed so as to require full disclosure.[4]
However, as this office has previously noted,[5] s. 111.011, F.S., is a criminal statute,[6] and as such, must be strictly construed.[7]
In requiring elected public officers to list contributions, the statute speaks in terms of disclosure of the gift or donation, not the value of such gift or donation. In light of the language of the statute, disclosure and reporting of the gift or donation itself — that is, the item received which has a value in excess of twenty-five dollars — would appear to satisfy the terms of the statute.
Section 111.011, F.S., also requires that elected public officers list expenditures from, or disposition made of, such contributions. The term "expenditure" is not defined for purposes of s. 111.011, F.S.;[8] however, the statute, in requiring such disclosure, permits disclosure by listing the expenditure or disposition. Thus, while an elected public officer may comply with the statute by disclosing the dollar amount of the expenditure, the statute also appears to permit the officer to state how disposition of the contribution was made.
Accordingly, in the absence of judicial or legislative clarification, I am of the view that s. 111.011, F.S., requires only that the gift, donation or payment of money, the value of which is in excess of twenty-five dollars, be listed, and does not require a public officer to list the value of such gift or donation. Disclosure of how the officer expends or disposes of the contribution may be accomplished either by disclosing the value of the expenditure or by general description.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 112.3147(3), F.S., states that "[t]he Commission on Ethics and the Department of State shall jointly prescribe a form for use by elected public officers, on which form both the information required to be furnished by s. 111.011 and the information required to be furnished by s. 112.3145(3) shall be disclosed."
[2] Section 111.011(1)(c), F.S.
[3] See, e.g., AGO's 74-167 (gratuitous hotel or room accommodations, meals, and transportation reportable); 75-151 (hunting privileges and right to build and use hunting camp on land of another gratuitously provided to elected public officer is reportable "gift").
[4] See, s. 111.011(5), F.S., providing that "[t]his section shall be liberally construed so as to require full financial disclosure of all receipts and expenditures by elected public officers of contributions received by them during their terms of office. This section is cumulative to other provisions of part III of chapter 112."
[5] See, AGO 74-167 ("although subsection 111.011(5) provides that the gift law shall be liberally construed, it is a criminal statute, and judicial decisions require strict construction in order that a citizen may be fully advised in the premises so that he may govern his conduct accordingly).
[6] Section 111.011(4)(a), F.S., provides that if any elected public officer knowingly or willfully fails to comply with this section, he is guilty of a second degree misdemeanor, punishable as provided in ss. 775.082 and 775.083, F.S.
[7] See, Drury v. Harding, 461 So.2d 104 (Fla. 1984) (criminal statutes are to be strictly construed); Ferguson v. State,377 So.2d 709 (Fla. 1979) (in applying rule that criminal statutes are to be strictly contrued, nothing not clearly and intelligently described in statute's very words, as well as manifestly intended by the Legislature, shall be considered included within its terms, govern his conduct accordingly).
[8] Compare, s. 106.011(4), F.S., defining "expenditure" for purposes of the campaign financing law to mean "a purchase, payment, distribution, loan, advance, transfer of funds . . . or gift of money or anything of value made for the purpose of influencing the results of an election"; and s. 216.011(1)(1), F.S. (creation or incurring of a legal obligation to disburse money).