The Honorable Lee Cannon Sheriff, Pasco County 8700 Citizen Drive New Port Richey, Florida 34654
Dear Sheriff Cannon:
You have asked for my opinion on the following questions:
1. Pursuant to section 849.0931(12)(g), Florida Statutes, must the winning bingo card or sheets be verified by vocally announcing the numbers in the winning pattern?
2. Pursuant to section 849.0931(12)(g), Florida Statutes, can the winning bingo card or sheets be verified by using an electronic or mechanical posting of the winning pattern without vocally announcing the winning numbers?
In sum:
1. Section 849.0931(12)(g), Florida Statutes, requires the vocal announcement of the winning bingo card or sheets by announcing the numbers in the winning pattern.
2. While section 849.0931(12), Florida Statutes, requires that a vocal announcement of the winning numbers for the winning card or sheets be made, it would be permissible, in addition to that announcement, to use an electronic or mechanical posting to show the winning pattern. Therefore, exclusive use of a silent board or monitor to announce winning numbers would not satisfy the requirements of the statute.
According to your letter, Pasco County is home to a major bingo supplier who is distributing monitors to verify the winning pattern of a bingo game. This is done without the necessity of a vocal announcement of the numbers in the winning pattern of the bingo card or sheet. Your questions deal with the meaning of the word "announce" or "announced" as it is used in section849.0931(12)(g), Florida Statutes.
Your questions are interrelated and will be answered together.
Bingo has been recognized as gambling within the terms of section849.01, Florida Statutes.[1] Section 849.0931, Florida Statutes, removes bingo from the scope of Chapter 849, Florida Statutes, dealing with gambling, provided the bingo is conducted within certain statutorily defined limits. The effect of section849.0931, Florida Statutes, is merely to eliminate bingo from the gambling chapter when played within the limits of the statute.[2]
Pursuant to section 849.0931(12), Florida Statutes:
Each bingo game shall be conducted in accordance with the following rules:
* * *
(f) When a caller has started to vocally announce a number, he shall complete the call. If any player has obtained a bingo on a previous number, such player will share the prize with the player who gained bingo on the last number called. (g) Numbers on the winning cards or sheets shall be announced and verified in the presence of another player. Any player shall be entitled at the time the winner is determined to call for a verification of numbers drawn. The verification shall be in the presence of the member designated to be in charge of the occasion or, if such person is also the caller, in the presence of an officer of the licensee. (h) Upon determining a winner, the caller shall ask, "Are there any other winners?" If no one replies, the caller shall declare the game closed. No other player is entitled to share the prize unless he has declared a bingo prior to this announcement. (e.s.)
Thus, the statute uses a number of terms, "announce," "vocally announce," "call," and "ask", without appearing to make a distinction among them.[3]
Definitions of the term "announce," as it is commonly understood, do not resolve the question of whether the announcement must be made vocally. The word is variously defined as: "to give public notice of: make known officially or publicly: deliver news of: proclaim[;] to state or declare,"[4] and "[t]o bring to public notice[;] [t]o proclaim the arrival of[.]"[5]
While the common definition of the word "announce" does not address the question of whether the announcement must be made vocally, a reading of the three subparagraphs quoted above does not indicate that the Legislature used the terms "announce," "ask," "vocally announce," and "call" with any intention that they represent substantially different forms of communication. The interchangeable use of these terms throughout section 849.0931, Florida Statutes, appears to reflect the Legislature's understanding that these terms may all be used to mean the same thing: a vocal announcement.[6]
I conclude, by reading the various requirements of section849.0931, Florida Statutes, together,[7] that a vocal announcement must be made of the numbers in the winning pattern in a bingo game. In support of this conclusion, subparagraph (d) of section849.0931(12), Florida Statutes, provides that "[a]ll numbers shall be visibly displayed after being drawn and before being placed in the rack." Thus, when the Legislature deemed it appropriate for verification to be done by providing a visual demonstration, it used language that reflected this intent. Further, as the bingo statute constitutes an exception to the general prohibition against gambling in this state,[8] the provisions of the statute should be read strictly to foreclose any attempts to conduct the game in a manner that would undermine charitable endeavors and harm the public.[9]
Therefore, it is my opinion that section 849.0931(12)(g), Florida Statutes, requires the vocal announcement of the winning bingo card or sheets by announcing the numbers in the winning pattern.
In light of this conclusion, it would be acceptable, pursuant to section 849.0931(12), Florida Statutes, for the winning card or sheets to be verified by using a silent monitor or board showing the winning pattern in addition to a vocal announcement of the winning numbers. However, as the statute requires, at a minimum, a vocal announcement, the exclusive use of an electronic or mechanical posting to display winning numbers would not satisfy the requirements of section 849.0931(12)(g), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, e.g., Creash v. State, 179 So. 149 (Fla. 1938); Perlman v. State, 269 So.2d 385 (Fla. 4th DCA 1972).
[2] See, Perlman v. State, supra; and Greater Loretta Improvement Association v. State ex rel. Boone, 234 So.2d 665, 669 (Fla. 1970) ("[g]ambling in its various forms, and lotteries, are illegal under present law. Bingo or Guest games do not violate this statute, if played within the restrictions imposed by the Legislature.")
[3] And see, s. 849.0931(12)(a), Fla. Stat. (1995), which provides that "[t]he caller shall cancel any game if, during the course of a game, the mechanism used in the drawing or ejection of objects becomes jammed in such a manner as to interfere with the accurate determination of the next number to be announced. . . ." (e.s.)
[4] Webster's Third New International Dictionary 87 (unabridged ed. 1981).
[5] The American Heritage Dictionary of the English Language 28 (new college edition 1979).
[6] See, also, s. 849.0931(1)(a), Fla. Stat. (1995), defining "[b]ingo game" as follows:
"Bingo game" means and refers to the activity, commonly known as "bingo," in which participants pay a sum of money for the use of one or more bingo cards. When the game commences, numbers are drawn by chance, one by one, and announced. The players cover or mark those numbers on the bingo cards which they have purchased until a player receives a given order of numbers in sequence that has been preannounced for that particular game. This player calls out "bingo" and is declared the winner of a predetermined prize. More than one game may be played upon a bingo card, and numbers called for one game may be used for a succeeding game or games. (e.s.)
[7] Under accepted rules of statutory construction, the various subparagraphs of s. 849.0931(12), Fla. Stat., should be read in pari materia, because they govern different facets of the same subject matter. See, 49 Fla. Jur.2d Statutes s. 175; Cf., Op. Att'y Gen. Fla. 80-60 (1980).
[8] See, Perlman v. State, supra n. 1.
[9] See, Preamble, Ch. 92-280, Laws of Florida ("WHEREAS, violations of the criminal laws regulating the conduct of bingo undermine charitable endeavors and harm the public[.]")