390 So.2d 52 (1980)
STATE of Florida, Appellant,
v.
Elizabeth Victoria LICK et al., Appellees.
No. 56293.
Supreme Court of Florida.
November 6, 1980.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellant.
John W. Van Doren, Tallahassee and Ronald Baker, Crawfordville, for appellees.
ADKINS, Justice.
This is an appeal from an order of the Leon County Court which held the statutory prohibition against prostitution unconstitutional insofar as it applied only to women. See § 796.07(1)(a), Fla. Stat. (1977). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972). We refer to the parties as they appeared in the trial court; appellant as state and appellees as defendants.
The defendants, both of whom are women, were charged with unlawfully offering to commit or to engage in prostitution, lewdness or assignation in violation of section 796.07(3)(a), Florida Statutes (1977). In an order quashing certain subpoenas duces tecum, the trial court interpreted the term prostitution as applying only to women. The defendants filed a memorandum in support of their previous motion to dismiss claiming the statute as interpreted was facially unconstitutional because there was no rational basis for distinguishing between males and females. The trial court agreed and held the statute unconstitutional for that reason. This finding was reiterated in the order denying rehearing:
The Court simply finds that the Statute ... [in question] insofar as it relates only to prostitution, relates only to females and as such cannot be enforced against women only without some compelling State interest or rational basis for such classification.
The trial court and defendants recite several definitions of prostitution which limit the crime to acts by females. E.g., Black's Law Dictionary 1386 (rev. 4th Ed. 1968); 25 Fla.Jur. Prostitution § 2 (1979 Supp.); 63 Am.Jur.2d Prostitution § 1 (1978 Supp.); 73 C.J.S. Prostitution § 1 at n. 15.5 (1978 Supp.).
*53 The state argues these definitions are irrelevant in light of the non-gender based statutory definition which refers to "the giving or receiving of the body for sexual intercourse for hire, ..." § 796.07(1)(a), Fla. Stat. (1977) (emphasis supplied). Furthermore, the section making prostitution a crime says "any person" who violates the statute is guilty of a misdemeanor. § 796.07(5), Fla. Stat. (1977) (emphasis supplied).
Legislative enactments are presumed to be constitutional. Cilento v. State, 377 So.2d 663 (Fla. 1979). This Court's obligation is to resolve all doubts as to the validity of a statute in favor of its constitutionality. State v. Cormier, 375 So.2d 852 (Fla. 1979). Thus, even where the statute is reasonably susceptible of two interpretations, one of which would render it invalid and the other valid, we must adopt the constitutional construction. See Florida State Board of Architecture v. Wasserman, 377 So.2d 653 (Fla. 1979). These maxims make it clear that even if there exists an interpretation limiting the crime of prostitution to women, we should abide by the alternative construction which makes no sex-based distinction. Our decision comports with others which have upheld convictions of men under this statute. See, e.g., Whitted v. State, 362 So.2d 668 (Fla. 1978); Gort v. State, 345 So.2d 726 (Fla. 1977); State v. Bales, 343 So.2d 9 (Fla. 1977), and Bell v. State, 289 So.2d 388 (Fla. 1973).
The order of the trial court is reversed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.