420 So.2d 116 (1982)
STATE of Florida, Appellant,
v.
Glenn Ernest TATE, Appellee.
No. 82-807.
District Court of Appeal of Florida, Second District.
October 8, 1982.
*117 Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Leonard C. Carter, Lakeland, for appellee.
SCHOONOVER, Judge.
This is an appeal from a judgment holding that the "bookmaking" statute, section 849.25, Florida Statutes (1981), is unconstitutional. We reverse.
The appellant, the State of Florida, filed an information charging the appellee, Glenn Ernest Tate, with bookmaking in violation of section 849.25. The trial court held that the statute is unconstitutional and dismissed the information.
The trial court found that the bookmaking statute either violates the equal protection clause of the United States and Florida Constitutions or is so vague that it fails to adequately inform those affected by the statute of the conduct that it prohibits. We disagree and hold that the statute is constitutional.
Section 849.25(1) and (2) provides in pertinent part as follows:
849.25 "Bookmaking" defined; penalties; exceptions. 
(1) The term "bookmaking" means the act of taking or receiving any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man or beast or between men, beasts, fowl, motor vehicles, or mechanical apparatus or upon the result of any chance, casualty, unknown, or contingent event whatsoever.
(2) Any person who engages in bookmaking shall be guilty of a felony of the third degree... .
The trial court based its order on the definition of "bookmaking." We hold that the language and the intent of the statute is sufficiently clear to meet the strict test that must be applied when examining the language of a penal statute.[1]
In construing this statute, we first note the basic rule that statutes which relate to the same or to a closely related subject or object are regarded as in pari materia and should be construed together and compared with each other. We must *118 review the entire statutory scheme to determine legislative intent. Ferguson v. State, 377 So.2d 709 (Fla. 1979).
The supreme court in Ferguson held that the statutory scheme of chapter 849 (Gambling) evinces a general intent to treat the business or profession of gambling as a felony while treating the casual or occasional act of gambling as a misdemeanor.
The legislature has provided that anyone who keeps a gambling house in violation of section 849.01, Florida Statutes (1981), or engages in bookmaking in violation of section 849.25 is guilty of a felony of the third degree. It appears that by making these offenses felonies, the legislature has concentrated on certain incidents of gambling on the theory that if they are prohibited, the evil itself will be suppressed because of the impracticability of carrying on gambling on a large scale without some of the accessories denounced by the statute. People v. Gittens, 78 Misc. 7, 137 N.Y.S. 670 (N.Y. Sup. Ct. 1912). In considering one of the felony offenses within chapter 849, i.e., keeping a gambling house in violation of section 849.01, Florida courts have consistently held that a single act of gambling is an offense separate and distinct from keeping a gambling house and have read the element of habitualness into this section. Ferguson v. State.
We now hold that the bookmaking statute is also not applicable to a single act of gambling. If a single act of gambling were to be punishable under the bookmaking section, sections 849.08, 849.11, and 849.14, Florida Statutes (1981), would lose their force because the state could always prosecute a single act of gambling as a felony under section 849.25, or if the gambling occurred on someone's premises, under section 849.01. We must construe all statutes relating to the same subject matter with reference to each other in such a manner that effect may be given to all of the provisions of each. Ferguson v. State.
Furthermore, one is not necessarily in violation of the bookmaking statute by merely participating in one or more acts of gambling. One who makes a private bet is not a bookmaker in the commonly accepted meaning of that term. Board of Commissioners v. Grodecki, 21 N.J. Misc. 241, 33 A.2d 115 (Essex County Ct. 1943). One who makes a private bet or wager, either by offering to bet, or by accepting a bet may be guilty of violating section 849.14 without engaging in bookmaking. One engaged in bookmaking is gambling, but ordinary gambling is not bookmaking. People v. Gittens. Bookmaking is a specific act of gambling which consists of certain specific acts distinguishing this form of gambling from every other form of gambling. People v. Laude, 81 Misc. 256, 143 N.Y.S. 156 (N.Y.Cty.Ct. 1913). This court has held that bookmaking is a specific act of gambling. State v. Schell, 211 So.2d 581 (Fla. 2d DCA 1968). The supreme court has defined bookmaking as "making book." King v. State, 104 So.2d 730 (Fla. 1958).
The underlying idea of bookmaking is participation in gambling as a moneymaking pursuit. Bookmakers prepare a list with the odds so arranged as to percentages as to give them a profit whoever the winning participant may be. People v. Langan, 196 N.Y. 260, 89 N.E. 921 (1909).
We construe section 849.25 to prohibit a person engaged as a bookmaker from taking or receiving bets or wagers and as so construed hold that the statute does not violate the equal protection clauses of the United States or Florida Constitutions and is not so vague that men of common intelligence must necessarily guess at the statute's meaning and differ as to its application.
We reverse and remand for proceedings consistent herewith.
SCHEB, A.C.J., and RYDER, J., concur.
NOTES
[1] The supreme court in Zuppardi v. State, 367 So.2d 601 (Fla. 1979), in considering a constitutional attack on this statute on other grounds, ruled that it is constitutional.