RYDER, Acting Chief Judge.
The state appeals from the dismissal of its information for bookmaking, arguing that the lower court erred in finding section 849.25, Florida Statutes (1981), to be unconstitutional. We reverse.
The state charged appellee with violation of the RICO Act, section 943.462, Florida Statutes, and five counts of bookmaking in violation of section 849.25, Florida Statutes. Appellee moved to dismiss on the ground that section 849.25. was unconstitutionally vague, indefinite, and ambiguous. The lower court granted the motion, noting that the statute did not define the term “taking or receiving.” Thus, the court found that even if the term distinguished accepting and offering of bets, it was unconstitutional because it established different classes.
We hold this case to be governed by our reasoning and holding in the recent opinion of State v. Tate, 420 So.2d 116 (Fla. 2d DCA 1982). We therein hold, in similar circumstances, that section 849.25 does not violate the equal protection clauses of the United States and Florida Constitutions and is not so vague that men of common intelligence must necessarily guess at the statute’s meaning and differ as to its application.
REVERSED and REMANDED for further proceedings.
CAMPBELL and SCHOONOVER, JJ., concur.