PER CURIAM.
Appellant, State of Florida, appeals from an order granting a motion to dismiss an amended information purporting to charge appellee, Marvin White, with four counts of bookmaking in violation of section 849.-25(1), Florida Statutes (1981). Appellee was charged with taking or receiving bets (on various dates) on professional baseball, football and college football games. The wording of the counts of the information tracked the wording of section 849.25(1). Appellee argues that the decision of this court in State v. Tate, 420 So.2d 116 (Fla. 2d DCA 1982), requires that an information charging bookmaking, in order not to be fatally defective, must charge the defendant with the element of habitualness. Tate does not so hold, and we, therefore, reverse.
This court in State v. DiGuillio, 413 So.2d 478 (Fla. 2d DCA 1982), considered and sustained an information nearly identical with the amended information dismissed below. While the state must, in order to convict for the offense of bookmaking, prove more than an isolated act of placing a bet, if the information tracks the language of the statute in charging multiple acts, it is sufficient to withstand a motion to dismiss.
Reversed and remanded.
BOARDMAN, A.C.J., and RYDER and CAMPBELL, JJ., concur.