## STATE OF FLORIDA v COGSWELL
Case No. 85-11126 CF 10A

Seventeenth Judicial Circuit, Broward County

April 17, 1986

### APPEARANCES OF COUNSEL

**Michael J. Satz,** State Attorney, and **Bradley Collins,** Assistant State Attorney, for plaintiff.

**George T. Pallas** for defendant.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

I

The Defendant, Robert Cogswell, was charged by Information with nine (9) counts of the felony offense of bookmaking pursuant to Section

849.25 *Fla. Stat.* (1981).[1] Cogswell filed a Motion attacking the bookmaking statute as violative of the Due Process clause of the Florida and United States Constitution.[2]

## II

Florida Statute § 849.25 provides:

(1) The term "bookmaking" means the act of taking or receiving any bet or wager upon the result of any trial or contest of skill, speed, power or endurance of man or beast or between men, beasts, fowl, motor vehicles, or mechanical apparatus or upon the result of any chance, casualty, unknown or contingent event whatsoever.

The offense is a third degree felony with a mandatory adjudication of guilt. *See, Fla. Stat.*, § 849.25(2).

Florida Statute § 849.14 provides:

Whoever stakes, bets or wagers any money or other thing of value upon the result of any trial or contest of skill, speed or power or endurance of man or beast, or whoever receives in any manner whatsoever any money or other thing of value staked, bet or wagered, or offered for the purpose of being staked, bet or wagered, by or for any other person upon any such result. . . .

A violation of this section is a second degree misdemeanor. Both sections are to be read *in pari materia. State v. Tate*, 420 So.2d 116 (Fla. 2d DCA 1982).

Section 849.25 clearly prohibits the "taking" or "receiving" of a bet or wager. Section 849.14, on the other hand, prohibits *both* one who "bets" or "wagers" *and* one who "receives in any manner" a bet or wager. Thus, one who places a bet can be prosecuted *only* for the misdemeanor offense. However, one who takes or receives a bet can be prosecuted for both the felony or the misdemeanor offense. Section 849.25 is therefore constitutionally invalid in that one cannot determine whether their conduct constitutes a felony or a misdemeanor. Similarly, the lack of standards to discern what constitutes the felony or the

---

[1] The Court finds that Cogswell, a defendant in a criminal prosecution, has a sufficient personal stake in the penalty which the offense carries to confer the requisite standing to challenge the constitutional validity of the statute he allegedly violated. *State v. Thomas*, 428 So.2d 327 (Fla. 1st DCA 1983); *State v. Benitez*, 395 So.2d 514 (Fla. 1981).

[2] The Court notes that the Florida Supreme Court has construed the Due Process clause of the Florida Constitution more broadly than its federal counterpart. *State v. Glosson*, 462 So.2d 1082 (Fla. 1985).

misdemeanor renders the statute susceptible to arbitrary and discriminatory application.

It is often said that the statutory scheme of chapter 849 (Gambling) evinces a general intent to treat the business or profession of gambling as a felony while treating the casual or occasional act of gambling as a misdemeanor. *Ferguson v. State*, 377 So.2d 709 (Fla. 1979). However, the Legislature, in enacting § 849.25, has failed to sufficiently delineate any standards so as to limit law enforcement and prosecutional discretion in prosecuting only the professional, exploitive gambler under Section 849.25.

### III

In reviewing a criminal statute, the Due Process clause consists of two basic requirements. First, the law must provide fair warning to persons of ordinary intelligence of the persons covered and the conduct prohibited. *Grayned v. City of Rockford*, 408 U.S. 104 (1972); *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972); *State v. Gray*, 435 So.2d 816 (Fla. 1983). Secondly, a statute must provide ascertainable standards of guilt to protect against arbitrary, erratic, and discriminatory enforcement. *Id.* Without sufficiently precise standards in criminal statutes, the Legislature impermissibly delegates basic policy decisions to the personal predilections of police, prosecutors, and juries. *Smith v. Goguen*, 415 U.S. 576 (1976); *State v. DeLeo*, 356 So.2d 306 (Fla. 1978).

The instant statute, Section 849.25, fails in this latter respect. Cogswell does not contend, nor does the Court find, that the bookmaking statute is so vague that men of common intelligence must necessarily guess at its meaning. *See e.g., State v. Shirah*, 427 So.2d 371 (Fla. 2d DCA 1983); *State v. Bryce*, 422 So.2d 1069 (Fla. 2d DCA 1983); *State v. Tate*, 420 So. 2d 116 (Fla. 2d DCA 1982). Rather, Cogswell asserts, and the Court agrees, that assuming it is known what conduct is prohibited, it is unknown and, indeed unknowable, whether such conduct is a felony or a misdemeanor.

The conduct alleged in the instant case indisputably falls within the purview of both the felony and misdemeanor statute. The problem lies in the fact that there is no added element or standard which *necessarily* makes it the felony offense. Thus, the statute is "too open-ended to limit prosecutorial discretion in any reasonable way." *State v. DeLeo*, 356 So.2d 306 (Fla. 1978).

The Court notes that prior to the 1981 amendments to chapter 849, the Statute contained such standards. The previous felony bookmaking

42

statute required for conviction that the Defendant, in any one day, received more than five bets or received bets totalling more than $500 or engaged in a common bookmaking scheme with three or more persons. Thus, the prior statute had discernable and ascertainable standards in distinguishing between the social gambler and commercial gambler. Indeed, it was clearly the legislative intent and purpose to differentiate penal treatment of the social gambler and the exploitative commercial gambler to the end that only the latter suffered felony penalties. The present statute contains no such standards.

## IV

This Court is well aware that a statute enacted by the Legislature is presumed to be valid, *Dept. of Legal Affairs v. Sanford-Orlando Kennel Club, Inc.*, 434 So.2d 879 (Fla. 1983); *State v. Lick*, 390 So.2d 52 (Fla. 1980), and that this Court is dutybound to repulse an attack on the constitutionality of a statute by holding out a construction that sustains its validity over one that strikes it down. *Gulfstream Park Racing Ass'n v. Dept. of Business Regulation*, 441 So.2d 627 (Fla. 1983); *Falco v. State*, 407 So. 2d 203 (Fla. 1981). However, this Court cannot, and therefore will not, embark on a quest to interpret into a statute elements where such elements simply do not exist.

It is, therefore, the Order of this Court that the Defendant's Motion to Declare § 849.25 Unconstitutional is GRANTED and that the Information charging nine (9) counts of bookmaking is DISMISSED. This dismissal is without prejudice to the State Attorney to filing a misdemeanor information alleging violation(s) of § 849.14 thereby mooting the Defendant's objections to the constitutionality of § 849.25.