623 So.2d 622 (1993)
STATE of Florida, Appellant,
v.
Yvonne DAVIS, Appellee.
No. 92-2344.
District Court of Appeal of Florida, Fourth District.
September 8, 1993.
*623 Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellant.
Alexander M. Siegel, Fort Lauderdale, for appellee.
PER CURIAM.
The state appeals a final order of the county court dismissing an information charging appellee with violating section 796.07(3), Florida Statutes (1991), having found this section is unconstitutional. The county court also entered an amended final order wherein it certified the following four questions to this court:
WHETHER F.S. 796.07(3)(a) IS UNCONSTITUTIONAL IN THAT IT REPRESENTS AN ABUSE OF POLICE POWER OF THE STATE OF FLORIDA DUE TO THE FACT THAT THERE IS NO LEGITIMATE, CLEAR, SUBSTANTIAL AND COMPELLING INTERESTS OF THE STATE OF FLORIDA IN REGARDS TO ACTS BETWEEN CONSENTING ADULTS IN PRIVATE;
WHETHER F.S. 796.07(3) IS UNCONSTITUTIONAL IN THAT IT IS VAGUE, OVERBROAD AND AMBIGUOUS;
WHETHER F.S. 796.07(3)(a) IS UNCONSTITUTIONAL AS IT IS SEXUALLY DISCRIMINATING;
WHETHER F.S. 796.07(3)(a) IS UNCONSTITUTIONAL AS IT VIOLATES THE SINGLE SUBJECT REQUIREMENTS OF ARTICLE III SECTION 6 OF THE FLORIDA CONSTITUTION.
Based upon our review of the applicable case law, we answer the certified questions in the negative and reverse and remand for further proceedings.
Appellee was charged with engaging in a lewd act in violation of section 796.07(3). Appellee's memorandum of law in support of her motion to dismiss showed a Fort Lauderdale Police Department detective entered the premises of a business known as "Celebrity Models;" inquired about the various services offered; selected the service he desired; paid a fee and accompanied appellee into a private, closed room where the act alleged in the information occurred.[1] No one else was present in the room except for the detective and appellee. The building housing the business was constructed in a manner wherein members of the public could not see into the premises.
We address the specific points on appeal as presented in the briefs. With respect to the first allegation that section 796.07(3) is unconstitutional because it is vague, overbroad *624 and ambiguous in its use of the term "lewdness," the Supreme Court of Florida held in Warren v. State, 572 So.2d 1376 (Fla. 1991), the word "lewdness" as used in section 796.07 was not unconstitutionally vague. Similar conclusions were reached by the supreme court in McKenney v. State, 388 So.2d 1232 (Fla. 1980) and Bell v. State, 289 So.2d 388 (Fla. 1973). We are constrained to follow the decisions of the supreme court on this issue, particularly where the matter has been addressed as recently as in the past two years. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
With regard to the contention that section 796.07(3) violates the single subject rule relating to the enactment of statutes as provided in Article III, Section 6 of the Florida Constitution, our examination of the legislative act giving rise to section 796.07(3) reflects that its title is sufficiently broad to connect it with the general subject matter of the enactment and that it does not violate the single subject rule simply because it embraces prostitution, lewdness and assignation. See Burch v. State, 558 So.2d 1 (Fla. 1990); In re Advisory Op. to the Governor, 509 So.2d 292 (Fla. 1987); Smith v. Department of Ins., 507 So.2d 1080 (Fla. 1987); and State v. McDonald, 357 So.2d 405 (Fla. 1978). See also Loxahatchee River Envtl. Control Dist. v. School Bd. of Palm Beach County, 515 So.2d 217 (Fla. 1987).
With respect to the claim that section 796.07(3) is unconstitutional because it is sexually discriminatory, our review of this section reflects it is gender neutral on its face and applies to both males and females and, therefore, is not sexually discriminatory. See State v. Lick, 390 So.2d 52 (Fla. 1980).[2]
Finally, the claimed unconstitutionality of section 796.07(3) as violating the right of privacy is at odds with the state's compelling interest in outlawing prostitution, assignation and lewd behavior, particularly where such conduct involves the sale of services in a commercial enterprise. See Stall v. State, 570 So.2d 257 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2888, 115 L.Ed.2d 1054 (1991). The record below, furthermore, reflects appellee did not have a reasonable expectation of privacy at a place where the public could patronize. See Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So.2d 544 (Fla. 1985).[3]
Accordingly, the order appealed from is reversed, the amended information is reinstated and the cause is remanded to the trial court for further proceedings consistent herewith.[4]
ANSTEAD and GUNTHER, JJ., and MAGER, GERALD, Senior Judge, concur.
NOTES
[1] The amended information charged appellee with unlawfully engaging in a lewd act as follows: "... dancing topless in close proximity to Richard Love, encouraging him to masturbate and placing his hand on her inner thigh, in violation of F.S. 796.07(3) ..."
[2] We are unable to discern from the record below the existence of any evidence reflecting selective enforcement of section 796.07(3). See also Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991) (failure to prosecute all offenders is not grounds for a claim of denial of equal protection), approved, 614 So.2d 468 (Fla. 1993).
[3] The challenged statute serves a compelling state interest through the use of the least intrusive means. See Winfield, 477 So.2d at 544.
[4] This court's disposition relates to the legal issues raised and should not be construed as dispositive of any factual or evidentiary matter that may later be presented.